UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINWOOD TRADING LTD d/b/a TMG METAL, | : : : | Civil Action No. 14-5782 (CCC) |
| Plaintiff, | : : | |
| v. | : : : | MEMORANDUM OPINION |
| AMERICAN METAL RECYCLING SERVICES, et al., | : : : | |
| Defendants. | : : | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by Defendant American Metal Recycling Services' ("AMRS") motion to set aside the entry of default, dismiss the complaint or, in the alternative, transfer venue to the Central District of California [Docket Entry No. 7]; and Plaintiff Linwood Trading LTD d/b/a TMG Metal ("TMG") having opposed AMRS's motion [Docket Entry No. 10]; and the Court having considered the arguments submitted in support of, and in opposition to, AMRS's motion; and for the reasons that follow, AMRS' request to set aside the entry of default is GRANTED and AMRS's motions to dismiss the complaint and transfer venue are DENIED without prejudice as premature.

**I.     BACKGROUND**

Plaintiff TMG filed this breach of contract action on September 17, 2014 against Defendants AMRS, Howard and Tamara Misle, and Chad Mueller in connection with contracts for the shipment of scrap metal. *See generally Compl.*; Docket Entry No. 1.  On December 18,

1

2014, TMG requested default against AMRS based on service of the summons and complaint dated October 6, 2014, and default was entered by the Clerk's Office on February 20, 2015.  On March 11, 2015, TMG filed a letter addressed to the Clerk of Court which requested that the original entry of default be vacated, and that a second request for default, based on a second service to AMRS dated February 9, 2015, be entered. *See* Docket Entry No. 6.[1]   AMRS filed the instant motion the next day, March 12, 2015, requesting that the Court set aside the entry of default, dismiss the complaint, and/or transfer venue to the Central District of California.

## II.   LEGAL STANDARD

### A.   Setting Aside Default under Fed.R.Civ.P. 55

Fed.R.Civ.P. 55(c) provides that for good cause shown, the Court may set aside an entry of default.   The entry of default is disfavored in the Third Circuit, and all doubt should be resolved in favor of setting aside the default. *See Lorenzo v. Griffith*, 12 F.3d 23, 27 n.4 (3d Cir. 1993); *U.S. v. $55, 518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).   The Court should weigh the following factors in considering a motion to set aside default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct," *Miles v. Aramark Correctional Serv. at Curran Fromhold Correctional Facility*, 236 F. App'x 746, 751 (3d Cir. 2007) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)).   However the *Gold Kist* factors need not be analyzed and, the "entry of default…can be set aside if it was not properly entered at the outset, including circumstances where proper service of the complaint is lacking." *Taylor v. Gilliam*, 2013 U.S. Dist. LEXIS 170798 *20-21 (D.N.J. Dec. 4, 2013).

---

[1] It appears that the Clerk's Office never addressed this request.

**B.     Dismissal under Fed.R.Civ.P. 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). District courts possess "broad discretion" when evaluating a motion to dismiss for insufficient service of process. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "Where a plaintiff acts in good faith, but fails to effect proper service of process, courts are reluctant to dismiss an action." *Ramada Worldwide Inc. v. Shriji Krupa, LLC*, Civ. No. 07-2726, 2013 U.S. Dist. LEXIS 65655, at *17 (D.N.J. Apr. 17, 2013). "Rather, courts will elect to quash service and grant plaintiff additional time to properly serve the defendant." *Id*.

**III.   DISCUSSION**

**A.     Setting Aside Default**

AMRS argues that the entry of default is void because of improper service on October 6, 2014 and that the complaint must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(5). Specifically, AMRS claims that service was improper because TMG merely alleged that it "served an authorized 'agent' referred to as 'Jane Doe' and offering some sort of physical description of the alleged agent." *AMRS Brief in Support* at 4; Docket Entry No. 7-1. In this regard, AMRS submits that TMG failed to make a showing that service was proper on October 6, 2014. In addition, AMRS argues that it satisfies the applicable factors to show good cause for setting aside the entry of default.

TMG has opposed AMRS's request to set aside default, arguing that service of process was properly effected on October 6, 2014, and in the alternative, even if the October 6, 2014 service

3

was improper, that AMRS was properly served again on February 9, 2015. *TMG Brief in Opposition* at 1; Docket Entry No. 10-2.  TMG argues that the Affidavit of Service which states that service was made upon an authorized Jane Doe[2] agent, and including a physical description of the agent, was proper under the rules. *Id.* at 3.   Moreover, TMG submits that even if the October 6th service is deemed to be improper, proper service was nonetheless effectuated on February 9th, when TMG served process upon Meghan Konecne, a sales manager at AMRS.[3] *Id.* at 4.   In addition, TMG claims that communications between it and counsel for AMRS in January and February 2015 show that AMRS was aware of the litigation.   Therefore, TMG claims that AMRS has failed to satisfy the good cause standard to vacate default since TMG will be prejudiced, AMRS is culpable for the entry of default, and AMRS has not shown that it has a meritorious defense by failing to submit a proposed answer to the Court. *Id.* at 11.   As such, TMG maintains that AMRS should remain in default and that the complaint should not be dismissed.

In AMRS' reply it argues the October 6th service of process was improper because it was not served upon a recognized agent of AMRS and that the February 9th service of process was likewise improper, as Meghan Konecne is not an agent authorized to accept service on AMRS' behalf. *AMRS Brief in Reply* at 3; Docket Entry No. 12-1.  AMRS states that she is a sales manager, and as such, does not fall within the category of individuals authorized to accept service under either California or New Jersey law.[4]

---

[2] The Affidavit of Service claims that the alleged authorized agent refused to provide her name. *See Request for Default;* Docket Entry No. 4

[3] TMG also claims that Ms. Konecne is the wife of AMRS owner and Defendant Howard Misle.   However, this statement was expressly disclaimed by Mr. Misle in his certification to AMRS' reply brief. *See Reply Brief Certification of Howard Misle* ("Misle Cert. II") at ¶7; Docket Entry No. 13.

[4] California Code of Civil Procedure §416.10(b) provides that service upon a corporation may be made "to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." New Jersey Court Rule 4:4-4(a)(6) permits service on a corporation

       1.      The October 6th Service

The facts here present the Court with a kind of procedural quagmire. Regarding the October 6th service, TMG has certified that the Jane Doe agent affirmatively stated that she was authorized by AMRS to accept service. *See Certification of Daniel S. Eichhorn* ("Eichhorn Cert.") at §3; Docket Entry No. 10-1. However, AMRS' certification states both that "there is no employee, agent, officer, or manager…named 'Jane Doe'" and that "no employee, agent, officer, or manager authorized to accept service on behalf of AMRS has been served with the subject Complaint in this matter." *See Certification of Howard Misle* ("Misle Cert. I") at ¶¶5-6.[5] In this case, although the Court is sympathetic to Jane Doe's representations to TMG, service of process upon her is dubious, at best. Contrary to TMG's assertion that "defendants bear the burden of establishing that the agent to whom service was delivered lacked the authority to receive it" *TMG Br. Opp.* at 9; it is well-settled in this District that "[t]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). While a signed return of service generally serves as *prima facie* evidence giving rise to a presumption of valid service, that presumption can be rebutted by "affidavits or other competent evidence showing that [the party] was never properly served." *Thomas v. Bonanno*, 2013 U.S. Dist. LEXIS 106214 *18-19 (D.V.I. Jul. 30, 2013). Therefore, in light of AMRS' certification to the contrary, the Court finds that TMG has failed to carry that burden.

---

"on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof."

[5] It is, however, somewhat troubling to the Court that AMRS appears to have made no effort to identify the Jane Doe as described in the Affidavit of Service, and alternatively, has not stated that there is not someone who matches her physical description. It is undisputed that AMRS became aware of this lawsuit as early as January 26, 2015 (before the February 9th service) leaving the Court with the only logical conclusion that this Jane Doe forwarded the summons and complaint to the appropriate person(s). Why AMRS never identified her and/or disclosed her job title for purposes of this motion is troubling.

2. <u>The February 9th Service</u>

Likewise, TMG's February 9th service on AMRS is also improper, as AMRS has again rebutted the presumption of service by certifying that "Meghan Konecne is not authorized to accept service on behalf of AMRS." *Misle Cert. II* at ¶6.   However, the Court will note that it was AMRS' counsel, Luke Eaton, Esq., who advised that service of process "could be made during regular business hours…at the address set forth in the Summons[.]" *See Eichhorn Cert.* at §11.   In this regard, the Court finds that it was entirely reasonable for TMG to believe that Ms. Konecne was indeed authorized to accept service.

For the foregoing reasons, the Court finds that the entry of default must be set aside as to AMRS.   However, the Court finds that TMG has proceeded in good faith in its attempts to serve AMRS and that a miscommunication between counsel for TMG and AMRS resulted in the imperfection of service.   As such, the Court shall elect to quash service and extend the time that TMG has to serve AMRS with process in this matter. *See Asphalt Paving Sys. v. Gen. Combustion Corp.,* 2015 U.S. Dist. LEXIS 3494 (D.N.J. Jan. 13, 2015) (where the court quashed service, rather than dismissing plaintiff's complaint, and allowed plaintiff 30 days to properly serve defendant.) AMRS is hereby directed to provide TMG with (1) the name of a person authorized to accept service and (2) when and where service can me made upon that person.   Such information is to be provided to TMG no later than **June 24, 2015** and TMG will thereafter have **30 days** to perfect service.

 **B.** **Dismissal under Fed.R.Civ.P. 12(b)(5)**

In light of the foregoing, AMRS' motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(5) is rendered premature by the fact that the Court has given TMG additional time to serve

6

properly. *See Umbenhauer v. Woog*, 969 F.2d at 30 ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained."). To the extent that service continues to be defective, AMRS is free to renew its motion to dismiss pursuant to Rule 12(b)(5) if necessary.

    **C.**    **Transfer of Venue**

The Court additionally finds that TMG must first properly serve AMRS before the issue of transfer can be decided. Accordingly, this motion shall also be DENIED without prejudice to AMRS' right to raise the issue once service has been properly effectuated. The parties may rely on the briefing submitted in connection with this motion if they so choose.

    **IV.**    **CONCLUSION**

In light of the foregoing, AMRS' motion to set aside default is GRANTED and AMRS' motions to dismiss the complaint and transfer venue are DENIED without prejudice as premature. An appropriate Order accompanies this Opinion.

Dated: June 18, 2015

                                                s/James B. Clark, III
                                                **HONORABLE JAMES B. CLARK, III**
                                                **UNITED STATES MAGISTRATE JUDGE**