UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD TRADING LTD d/b/a TMG METAL, | Civil Action No. 14-5782 (CCC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| AMERICAN METAL RECYCLING SERVICES, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by Defendant American Metal Recycling Services' ("AMRS") motion to transfer venue to the Central District of California [Docket Entry No. 18]; and Plaintiff Linwood Trading LTD d/b/a TMG Metal ("TMG") having opposed AMRS's motion [Docket Entry No. 19]; and the Court having considered the arguments submitted in support of, and in opposition to, AMRS's motion; and the Court having considered AMRS's motion without oral argument pursuant to L.Civ.R. 78.1(b); and for the reasons set forth more fully below, AMRS's motion to transfer is DENIED.

**I.    BACKGROUND**

Plaintiff TMG filed this breach of contract action on September 17, 2014 against Defendants AMRS, Howard and Tamara Misle, and Chad Mueller in connection with contracts for the shipment of scrap metal. *See generally Compl.*; Docket Entry No. 1.   Default was entered against AMRS on February 20, 2015 by the Clerk's Office, at the request of TMG.   On March 12, 2015, AMRS filed a motion requesting that the Court set aside the entry of default, dismiss the

1

complaint for improper service, and transfer venue to the Central District of California.

In an Opinion and Order dated June 18, 2015, the Court granted AMRS's motion to set aside default, finding that service had not been properly effectuated. *See* Docket Entry Nos. 16, 17. The Court directed AMRS to provide TMG with information regarding when and where service could be properly made and denied AMRS's motions to dismiss and transfer as premature, without prejudice to renew same upon completion of service. AMRS has now renewed its motion to transfer venue, seeking to transfer this action to the Central District of California.

## II.     LEGAL STANDARD

Section 1404(a) allows transfer "where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Here, AMRS implicitly concedes that venue could be proper in New Jersey under 28 U.S.C. § 1391(b)(2). (*Defs.' Br. Supp*. at 5; Compl. ¶ 3). Accordingly, 28 U.S.C. §1404(a) applies. Section 1404(a) permits transfer to a more convenient forum "[f]or the convenience of parties and witnesses, in the interest of justice." The moving party bears the burden of establishing that the transfer is appropriate and must demonstrate that the proposed forum is more convenient than the present forum. *Jumara*, 55 F.3d at 879. "The Court has broad discretion in making determinations under Section 1404(a), and convenience and fairness are considered on a case-by-case basis." *Santi v. Nat'l Bus. Records Mgmt., LLC,* 722 F.Supp.2d 602, 606 (D.N.J. 2010).

When deciding 1404(a) motions, courts consider a balancing of private and public factors. *Windy v. Qwest Commc'ns Int'l, Inc.,* 529 F.3d 183, 189 (3d Cir. 2008) (citing *Gulf Oil Corp.v. Gilbert,* 330 U.S. 501, 508509 (1947)). Private interests include: "plaintiff's forum preference…; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as

indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)[.]" *Jumara*, 55 F.3d at 879 (internal citations omitted). Public factors considered by the Third Circuit include: enforceability of the Court's judgment: practical considerations that could make the trial easy, expeditious, or inexpensive; court congestion in the respective fora; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law. *Id.* at 879-880 (citations omitted).

The Third Circuit has stated that a plaintiff's choice of forum is of "paramount concern" in deciding motions to transfer venue under § 1404(a). *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970). Moreover, when a plaintiff chooses his home forum, the choice is "entitled to greater deference[.]" *Lawrence v. Xerox Co.,* 56 F. Supp. 2d 442, 452 (D.N.J. 1999). However, a plaintiff's choice of forum is "neither dispositive of the transfer analysis nor is it the only factor to be considered." *American Tel. & Tel. Co. v. MCI Communications Corp.,* 736 F. Supp. 1294, 1306 (D.N.J. 1990).

### III. DISCUSSION

#### A. Initial Briefing

AMRS argues that the private interests in this case weigh heavily in favor of transferring venue to the Central District of California. In its initial briefing on the issue of transfer, AMRS submits that "the location and convenience of the remaining parties and witnesses weigh heavily in favor of transferring venue." *AMRS's Brief in Support* at 8; Docket Entry No. 7-1.

Specifically, AMRS reasons that its "offices, scrap metal storage, and principal place of business" are located California, and further, that the Misle Defendants and Defendant Mueller "reside in or frequently travel to California." *Id.* at 8-9.   Moreover, AMRS contends that all of the relevant shipping lines and third party trucking companies used in the delivery of the scrap metal are also located in California. *Id.* at 9.   With respect to TMG's witnesses, AMRS submits that the transfer of this matter to California would not inconvenience them, as they would likely be coming from Asia. *Id.*   Additionally, AMRS argues that TMG's principal operator, Spike Lee, regularly conducts business on the West Coast and has previously engaged in litigation with AMRS in California. *Id.*   Lastly, AMRS also argues that the public interests in this case weigh in favor of transfer, insisting that the judgment would need to be enforced in California.   AMRS notes that "these very same parties have engaged in previous litigation in the Northern District of California" and therefore reasons that the "courts located in that region have experience with litigation over the business of importing and exporting scrap metal in California ports as well as the application of the Federal and State law as it pertains to HG Telic and level of impurities, or any local custom in the scrap metal import/export industry." *Id.* at 10.

TMG opposes AMRS's motion. TMG argues that its choice of venue should be given heavy consideration and AMRS has failed to meet its substantial burden.    TMG also argues that TMG negotiated the terms of, and prepared, the purchase order "from its offices in New Jersey." *TMG's Brief in Opposition* at 6; Docket Entry No. 10-2.   In response to AMRS's supposition that traveling to New Jersey would be unduly burdensome to TMG's witnesses located in South Korea, TMG argues that "the difference in travel and time… is clearly not a real issue" and "testimony can be taken by video or telephone, if necessary." *Id.* at 7.   With respect to relevant documents

4

and witnesses, TMG submits that the relevant documents to this case are "easily transferrable electronically" and that "[t]here are as many witnesses in New Jersey, if not more, as there are in California." *Id.*  Lastly, TMG asserts that the previous litigation AMRS refers to involved "wholly different transactions, different entities and involve facts that occurred nearly six (6) years apart in time." *Id.* at 8.

### B. Supplemental Briefing

In the parties' supplemental briefing, the parties primarily debate the applicability of the case *Virag S.R.L. v. Sony Computer Entm't Am. LLC*, 2015 U.S. Dist. LEXIS 39910 (D.N.J. Mar. 30, 2015), wherein the Honorable Michael A. Hammer, U.S.M.J ordered the transfer of a trademark infringement matter from the District of New Jersey to the Northern District of California, finding that the action had a more substantial connection to California than to New Jersey.  AMRS posits that, similar to *Virag*, this case has little connection to New Jersey and thus transfer is warranted. *See AMRS's Supplemental Brief in Support;* Docket Entry No. 18-1. Additionally, AMRS notes that the Court in *Virag* found that the convenience of the witnesses weighed in favor of transfer where the majority of the witnesses resided in California and some resided in Tokyo, Japan. *Id.* (citing *Virag*, 2015 U.S. Dist. LEXIS 39910 at *18 (D.N.J. Mar. 30, 2015).

In response, TMG submits that *Virag* is notably distinguishable from the matter at hand, as the plaintiff in *Virag*, an Italian company located in Italy, chose to file suit in New Jersey even though none of the parties were located in New Jersey. *See TMG's Supplemental Brief in Opposition* at 3; Docket Entry No. 19.  In this case, TMG is a New Jersey corporation with its sole offices located in New Jersey and thus has chosen its home forum in bringing litigation, which

5

should be entitled to "greater deference[.]" *Id*. at 4.

### C. Analysis

The Court finds that AMRS has failed to carry its burden of showing that the Central District of California is more convenient than the District of New Jersey. In balancing the private factors, the Court finds that they weigh in favor of New Jersey; TMG has chosen New Jersey as its forum for litigation, there is no evidence that any witnesses will be unavailable to appear in New Jersey, and books and records can easily be transferred to or produced in New Jersey. Moreover, New Jersey is TMG's home forum, thus AMRS's reliance on *Virag* is misplaced and is easily distinguishable from the instant case. Lastly, while AMRS and the individual Defendants reside in (or are in close proximity to) California, and the location of the shipping lines is in California, these considerations are not dispositive, and are ultimately outweighed by the other factors.

With respect to the public interests, these also weigh in favor of New Jersey. AMRS's contention that the parties have previously engaged in litigation in California is of little avail, as it appears that action – which took place 6 years ago – involved entirely different facts than the instant case. Moreover, that action was litigated in the Northern District, whereas AMRS seeks to transfer this matter to the Central District of California. It appears the only factor weighing in favor of California is AMRS's contention that any judgment would have to be enforced in California – a contention which TMG does not dispute. However, this fact does not compel, nor does it persuade the Court to transfer venue to the Central District. Ultimately, TMG's choice to litigate in its home forum is one which is "entitled to…deference" and AMRS has not shown that this deference has otherwise been overcome. *Lawrence,* 56 F. Supp. 2d at 452.

**IV.     CONCLUSION**

      For the foregoing reasons, AMRS's motion to transfer is DENIED.    An appropriate Order shall accompany this Opinion.


Dated: August 28, 2015

                                              s/James B. Clark, III
                                              **HONORABLE JAMES B. CLARK, III**
                                              **UNITED STATES MAGISTRATE JUDGE**