# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINWOOD TRADING LTD, | |
| Plaintiff, | Civil Action No. 14-5782 (CCC) |
| v. | |
| AMERICAN METAL RECYCLING SERVICES, et al., | REPORT & RECOMMENDATION |
| Defendants. | |

**THIS MATTER** comes before the Court *sua sponte* based on defendant American Metal Recycling Services' ("American Metal") failure to retain counsel and the individual defendants Howard Misle and Tamara Misle's failure to advise the Court whether they have retained counsel or have chosen to proceed *pro se*. For the reasons set forth below, it is respectfully **RECOMMENDED** that American Metal Recycling Services, Howard Misle, and Tamara Misle's (collectively "Defendants") Answer be stricken and default entered against them.

## BACKGROUND

Plaintiff filed this action on September 17, 2014 against Defendants for claims arising from the alleged breach of a supply agreement between the parties for scrap metal. [Docket Entry No. 1]. The Defendants responded to the Complaint on October 2, 2015. [Docket Entry No. 11].

On July 29, 2016, counsel for Defendants filed a Motion to Withdraw as Attorney based on Defendants' failure to cooperate in the defense of this action. [*See* Docket Entry No. 40]. On November 8, 2016, this Court granted counsel for Defendants' motion to withdraw finding that the balance of concerns weighed in favor of withdrawal. [*See* Docket Entry No. 43]. Pursuant to

1

that order, American Metal—being a corporation that must be represented by counsel—was provided sixty (60) days to retain new counsel. [*See id.*] Similarly, the individual defendants were provided sixty (60) days to advise the Court whether they have retained new counsel or instead opted to proceed *pro se*. As no appearance for counsel was made by that time, and the individual defendants having failed to contact the Court as directed, the Court issued an Order to Show Cause on April 3, 2017 requiring Defendants to appear on May 5, 2017 to show cause why their Answer should not be stricken and Default entered against them. [*See* Docket Entry No. 44]. The Order to Show Cause was sent to each of the Defendants by Certified Mail at their last known address. Each mailing was returned to the Court as undeliverable. [See Docket Entry No. 45, 47, and 48].

On May 5, 2017, Defendants failed to appear for the Order to Show Cause hearing.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

2

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility**. In this case it appears that Defendants are solely responsible for their failure to comply with court orders and defend this matter. At the outset, Defendants failed to cooperate with their prior attorney, necessitating this Court to allow the Law Offices of Peter W. Till to withdraw as counsel. After counsel advised Defendants of his withdrawal, Defendants then failed to retain new counsel or advise the Court as to whether they would be proceeding *pro se*. The Order to Show Cause was sent to each of the Defendants at their last known address, and returned as undeliverable. As Defendants have failed to cooperate with their prior counsel and this Court, this factor weighs against Defendants.

**2. Prejudice to Plaintiff.** The Court finds that manifest injustice would result to Plaintiff if Defendants' Answer is not stricken. Defendants' failure to participate in this action would unduly prejudice Plaintiff, as there is no indication that Defendants intend to retain counsel or proceed *pro se*. This action cannot resume without them doing so. Accordingly, this factor weighs in favor of striking the Answer and entering default against Defendants.

**3. History of Dilatoriness.** Defendants have a history of dilatoriness through their failure to cooperate with prior counsel, retain new counsel, or apprise the Court of the same. Despite the Court's September 21, 2016 Order and the April 3, 2017 Order to Show Cause, Defendants have failed to contact the Court in any way. Defendants' inaction in this regard further supports striking their Answer and entering default against them.

**4. Willfulness or Bad Faith.** The Court will not conclude that Defendants have proceeded in bad faith. However, Defendants' conduct has been willful. Defendants willfully decided not to

cooperate with their prior counsel, retain new counsel thereafter, or otherwise contact the Court, despite the negative consequences that may result therefrom. These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further weighs against them.

     **5. Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, Defendants non-participation suggests that alternative sanctions would be futile. On the facts as outlined above, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09–2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

     **6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Defendants' defenses.

     In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendants' Answer and entering default against them. Therefore, the Undersigned respectfully **RECOMMENDS** that the District Court Strike Defendants' Answer and enter default.

## CONCLUSION

In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

IT IS on this 1st day of June, 2017,

**RECOMMENDED** that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2) and default entered against them.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

                                                  s/ James B. Clark, III
                                                  **JAMES B. CLARK, III**
                                                  **United States Magistrate Judge**